```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DELROY CHANCE,                     :
                                   :
         Petitioner                : No. 4:04-CV-2120
                                   :
         v.                        : Petition Filed 9/23/04
                                   :
RONNIE HOLT, WARDEN                : (Judge Muir)
                                   :
                                   :
         Respondents               :
```

                              ORDER

                          April 26, 2005

     THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

     On September 23, 2004, Petitioner Delroy Chance, an inmate at the Federal Correctional Institution-Schuylkill, Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Chance was convicted of several offenses in the United States District Court for the Northern District of Ohio, including conspiracy to distribute cocaine, and sentenced to a term of imprisonment of 30 years.  After an appeal his sentence was reduced to a term of imprisonment of 20 years.  In the present action Chance contends that the Bureau of Prisons has incorrectly computed his Good Conduct Time.  Specifically, Chance claims that the Bureau of Prisons should be giving him 54 days per year of Good Conduct Time, for a total award of 54 days multiplied by the 20 years of his sentence.  The Bureau of Prisons takes the position that under 18 U.S.C. § 3624(b) Good Conduct Time is awarded prisoners

after the actual service of a year, not prior to service. This case was assigned to us but referred to Magistrate Judge Thomas M. Blewitt for preliminary consideration.

On March 4, 2005, Magistrate Judge Blewitt filed a report recommending that Chance's petition for writ of habeas corpus be denied.

On March 14, 2005, Chance filed objections to the report.  The Local Rules of Court require that a brief in support be filed along with the objections.  A recent review of the file reveals that no brief in support has been filed.  We could deem the objections withdrawn for that reason but we will instead review the merits of Chance's objections.  We will not require briefing because the Court of Appeals for this circuit has recently addressed the issues raised in Chance's objections.

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  United States vs. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); Local Rule 72.31.  Furthermore, district judges have wide discretion as to how they treat recommendations of the magistrate judge.  Id.  Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  Id.  See also Mathews vs.

Weber, 423 U.S. 261, 275 (1976); Goney vs. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

The Bureau of Prisons interprets § 3624(b) as allowing 54 days of Good Conduct Time "for each year served." 28 C.F.R. § 523.20.  The formula used by the BOP to calculate Good Conduct Time takes into account the fact that an inmate's time actually served becomes incrementally shorter each year as the inmate is awarded Good Conduct Time.  Magistrate Judge Blewitt concluded that the Bureau of Prisons correctly calculated Chance's Good Conduct Time.  Chance in his objections basically reiterates the arguments he made before Magistrate Judge Blewitt.  Those arguments have been rejected by several Courts of Appeals, including the Court of Appeals for the Third Circuit. O'Donald v. Johns, 402 F.3d 172 (3d Cir. March 22, 2005); Perez-Olivo v. Chavez, 394 F.3d 45 (1st cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Pacheco-Comacho v. Hood, 272 F.3d 1266 (9th Cir. 2001).

The Court of Appeals for the Third Circuit in the O'Donald case found that the BOP's interpretation of § 3624(b) was reasonable.

Chance's objections are devoid of merit.  We will, therefore, overrule those objections and adopt Magistrate Judge Blewitt's report in toto.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Chance's objections are overruled.

    2. Magistrate Judge Blewitt's report filed on March 4, 2005, is adopted in toto.

    3. Chance's petition for writ of habeas corpus is denied.

    4. The Clerk of Court shall close this case and send a copy of this order to Magistrate Judge Blewitt.

    5. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                                     s/Malcolm Muir
                                     MUIR, U.S. District Judge

MM:gs